# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| JOHN R. CASH REVOCABLE TRUST, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | Civil Action No. 3:25-cv-01373 |
| v. | ) | Judge Waverly D. Crenshaw Jr. |
| | ) | Magistrate Judge Jeffery S. Frensley |
| | ) | |
| THE COCA-COLA COMPANY, | ) | JURY DEMAND |
| | ) | |
|     Defendant. | ) | |

## <u>DEFENDANT THE COCA-COLA COMPANY'S ANSWER TO THE COMPLAINT</u>

Defendant The Coca-Cola Company ("TCCC"), by and through its undersigned counsel, hereby answers the complaint filed on November 25, 2025 (Dkt. 1, "Complaint" or "Compl."), by Plaintiff John R. Cash Revocable Trust (the "Trust").

## RESPONSES TO SPECIFIC ALLEGATIONS

TCCC denies all allegations in the Complaint that are not expressly admitted and otherwise answers as follows:

## INTRODUCTION[1]

1. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies them.

2. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph and on that basis denies them.

3. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC admits that the quoted language appears in the cited case. TCCC denies any remaining allegations in this paragraph.

4. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations

---

[1] The various headings and subheadings of the Complaint are not allegations and thus do not require a response. TCCC reproduces them in this Answer solely for convenience and ease of reading. To the extent a response is required, TCCC denies any allegations contained in the headings and subheadings of the Complaint.

in this paragraph.

5. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

6. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC admits that the Tennessee General Assembly enacted the Ensuring Likeness, Voice, and Image Security Act of 2024 (the "ELVIS Act"), Tenn. Code Ann. § 47-25-1101 et seq. TCCC denies any remaining allegations in this paragraph.

7. TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

## PARTIES

8. TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

9. TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

10. Admitted.

## JURISDICTION AND VENUE

11. For the purposes of this action, TCCC does not contest subject-matter jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

12. For the purposes of this action, TCCC does not contest subject-matter jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

3

13.     For the purposes of this action, TCCC does not contest subject-matter jurisdiction. The paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

14.     For the purposes of this action, TCCC does not contest personal jurisdiction. TCCC admits that it has been registered to do business in Tennessee since January 3, 1961. TCCC admits that the advertisement at issue appeared in television programming that was broadcast nationwide, including in Tennessee. TCCC admits that its products are distributed in Tennessee through the Coca-Cola system of bottlers and distributors. TCCC denies any remaining allegations in this paragraph.

15.     For the purposes of this action, TCCC does not contest jurisdiction or venue. The paragraph otherwise contains legal conclusions to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

## FACTUAL ALLEGATIONS

### I.     JOHNNY CASH

16.     TCCC admits that Johnny Cash has been inducted into musical halls of fame. TCCC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, and on that basis denies them.

17.     Admitted.

18.     TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

19.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

4

20.	TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

21.	TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

22.	TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

23.	TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

## II.	COCA-COLA

24.	TCCC admits that it is a multinational corporation.  TCCC admits that beverage products bearing its trademarks are sold in more than 200 countries and territories, and admits that TCCC owns, licenses, and markets numerous beverage brands including trademark Coca-Cola, sparkling flavors, water, sports, coffee & tea, juice, value-added dairy and plant based beverages, and emerging beverages. TCCC denies any remaining allegations in this paragraph.

25.	Admitted.

26.	TCCC admits that as of February 14, 2025, its market capitalization was estimated to exceed $300 billion.

27.	TCCC admits that for the full year 2025, its net revenues were $47.9 billion.

28.	TCCC admits that it has previously entered into endorsement agreements with entertainers, musicians, and athletes.  TCCC denies any remaining allegations in this paragraph.

29.	TCCC admits that the excerpted image appears at the link https://www.cocacolacompany.com/about-us/sports-and-entertainment.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the website, TCCC denies those allegations.  TCCC denies any remaining allegations in this

5

paragraph.

30. TCCC admits that the image reflects content on the TCCC website. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the website, TCCC denies those allegations. TCCC admits that it has partnerships related to music and other entertainment. TCCC denies any remaining allegations in this paragraph.

31. TCCC admits that the quoted language appears on its website.

32. TCCC admits that Taylor Swift, in association with TCCC, appeared in the advertisement for TCCC products located at the cited link. TCCC denies any remaining allegations in this paragraph.

33. TCCC admits that it has previously entered into agreements with performing artists and musicians. This paragraph contains legal allegations and characterizations to which no response is required. To the extent a response is required, TCCC denies those allegations. TCCC denies any remaining allegations in this paragraph.

## III. THE ELVIS ACT

34. Admitted.

35. TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

36. TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them.

37. TCCC admits that the ELVIS Act contains an effective date of July 1, 2024.

38. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. The ELVIS Act speaks for itself and must be read in its entirety. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the text of the ELVIS Act or the context of the selective quote, TCCC denies

6

those allegations.  TCCC denies any remaining allegations in this paragraph.

39.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  The ELVIS Act speaks for itself and must be read in its entirety.  TCCC admits that the quoted text appears in the ELVIS Act.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the text of the ELVIS Act or the context of the selective quote, TCCC denies those allegations.  TCCC denies any remaining allegations in this paragraph.

40.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  The ELVIS Act speaks for itself and must be read in its entirety.  TCCC admits that the quoted text appears in the ELVIS Act.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the text of the ELVIS Act or the context of the selective quote, TCCC denies those allegations.  TCCC denies any remaining allegations in this paragraph.

41.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  The ELVIS Act speaks for itself and must be read in its entirety.  TCCC admits that the quoted text appears in the ELVIS Act.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the text of the ELVIS Act or the context of the selective quote, TCCC denies those allegations.  TCCC denies any remaining allegations in this paragraph.

42.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  The statutory text speaks for itself and must be read in its entirety.  TCCC admits that the quoted text appears in the cited statute.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the text of the statute or

the context of the selective quote, TCCC denies those allegations.  TCCC denies any remaining allegations in this paragraph.

43.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  The ELVIS Act speaks for itself and must be read in its entirety. TCCC admits that the quoted text appears in the ELVIS Act.  To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the text of the ELVIS Act or the context of the selective quote, TCCC denies those allegations.  TCCC denies any remaining allegations in this paragraph.

**IV.     COCA-COLA UNLAWFULLY EXPLOITED JOHNNY CASH'S VOICE**

44.     Admitted.

45.     TCCC admits that the advertising campaign included a commercial titled "Go the Distance" (the "Advertisement").  The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad."  TCCC denies any remaining allegations in this paragraph.

46.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad."  TCCC admits that it caused the Advertisement to appear on television, some social media, and some online platforms. TCCC admits that the Advertisement appeared on ABC, NBC, FOX, FS1, BTN, TNT, ESPN, ESPN2, TBS, and TRUTV.  TCCC admits that the Advertisement first aired during the 2025 fall college football season.  TCCC denies any remaining allegations in this paragraph.

47.     The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies that the

8

Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the Advertisement depicts fans drinking Coca-Cola and Coca-Cola Zero Sugar. TCCC denies any remaining allegations in this paragraph.

48. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the Advertisement includes imagery associated with the University of Michigan, the University of Notre Dame, the University of Southern California, Louisiana State University, and The Ohio State University. TCCC also admits that it has or had commercial relationships with these entities. TCCC denies any remaining allegations in this paragraph.

49. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the Advertisement includes a sound recording containing a male singing voice. TCCC denies any remaining allegations requiring a response in this paragraph.

50. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC denies any remaining allegations in this paragraph.

51. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

52. The allegations in this paragraph contain legal conclusions and characterizations to

which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the singing voice included in the Advertisement is not the voice of Johnny Cash. TCCC denies any remaining allegations in this paragraph.

53. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that it engaged an advertising agency to create an advertisement for use in a fall 2025 football marketing campaign. TCCC denies any remaining allegations in this paragraph.

54. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the advertisement created for use in a fall 2025 marketing campaign—the Advertisement—included an original musical composition. TCCC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and on that basis denies them. TCCC denies any remaining allegations in this paragraph.

55. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that a vocal artist (the "Singer") was hired to sing the vocal track for the song in the Advertisement. TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC denies any remaining allegations in this paragraph.

56. The allegations in this paragraph contain legal conclusions and characterizations to

which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC admits that the Singer appears to have a website that includes the quoted language. TCCC denies any remaining allegations in this paragraph.

57. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph, and on that basis denies them. TCCC denies any remaining allegations in this paragraph.

58. TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC admits that the Singer sang an original composition. TCCC denies any remaining allegations in this paragraph.

59. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the sound recording of the original composition was included in the Advertisement. TCCC denies any remaining allegations in this paragraph.

60. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this

11

paragraph, and on that basis denies them. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the Facebook post or the context of the selective quotes, TCCC denies those allegations. TCCC denies any remaining allegations in this paragraph.

61. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations of this paragraph regarding what consumers did or did not believe, and on that basis denies them. TCCC denies the remaining allegations in this paragraph.

62. TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the Facebook post or the context of the selective quotes, TCCC denies those allegations. TCCC denies any remaining allegations in this paragraph.

63. TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the Facebook post or the context of the selective quotes, TCCC denies those allegations. TCCC denies any remaining allegations in this paragraph.

64. The allegations in this paragraph contain legal conclusions and characterizations to

12

which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC denies the allegations embedded in the defined term "Sound-Alike Singer." TCCC lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph, and on that basis denies them. To the extent the allegations in this paragraph purport to summarize or characterize or are inconsistent with the Facebook post or the context of the selective quotes, TCCC denies those allegations. TCCC denies any remaining allegations in this paragraph.

65. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

66. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

67. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

68. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies that the Advertisement is infringing and denies that there is an "Infringing Ad." TCCC admits that the Advertisement continued to appear on television as of November 25, 2025. TCCC denies any

remaining allegations in this paragraph.

**CAUSES OF ACTION**

**COUNT I**
**(Violation of the ELVIS Act, Tenn. Code Ann. § 47-25-1101 *et seq.*)**

69. TCCC incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 68 as if fully set forth herein.

70. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, TCCC lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, and on that basis denies them.

71. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

72. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

73. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

74. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies any remaining allegations in this paragraph.

75. The allegations in this paragraph contain legal conclusions to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

76. The allegations in this paragraph contain legal conclusions to which no response is

14

required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

77. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

78. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

79. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

80. TCCC admits that it has previously entered endorsement agreements with performing artists.  TCCC denies any remaining allegations in this paragraph.

81. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

82. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

83. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

84. The allegations in this paragraph contain legal conclusions to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

**COUNT II**
**(Violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*)**

85. TCCC incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 84 as if fully set forth herein.

86. The allegations in this paragraph contain legal conclusions and characterizations to

which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

87. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

88. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

89. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

90. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

91. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

**COUNT III**
**(Violation of the Lanham Act, 15 U.S.C. § 1125(a))**

92. TCCC incorporates by reference its responses to all allegations set forth in the preceding paragraphs 1 through 91 as if fully set forth herein.

93. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required.  To the extent a response is required, TCCC denies the allegations in this paragraph.

16

94. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

95. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

96. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

97. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

98. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

99. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

100. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

101. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations

in this paragraph.

102. The allegations in this paragraph contain legal conclusions and characterizations to which no response is required. To the extent a response is required, TCCC denies the allegations in this paragraph.

## JURY DEMAND

103. With respect to the jury demand contained in the Complaint, TCCC states that no response is required. To the extent a response is required, TCCC demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

In response to the Prayer for Relief, TCCC denies that the Trust is entitled to each of the requested forms of relief, or to any relief whatsoever.

## DEFENSES

In further answer to the allegations made by the Trust in the Complaint, TCCC asserts the following defenses. TCCC does not concede that it has the burden of proof on the defenses listed below. The following defenses are based on TCCC's knowledge, information, and belief at this time, and TCCC specifically reserves the right to modify, amend, or supplement any affirmative defense contained in this Answer.

### First Defense

The Trust's claims are barred in whole or in part because the Trust lacks standing to assert the rights underlying its claims.

### Second Defense

The Trust's claims are barred in whole or in part by the doctrines of waiver, abandonment, acquiescence, and/or forfeiture to the extent the Trust has intentionally relinquished rights to some or all of the material in which it claims rights.

18

## Third Defense

The Trust's claims are barred in whole or in part by the First Amendment to the United States Constitution.

## Fourth Defense

The Trust's claims are barred, in whole or in part, by the doctrine of laches to the extent that the Trust has unreasonably delayed efforts to enforce its rights, if any, despite full awareness of the actions alleged.

## Fifth Defense

The Trust's claims are barred, in whole or in part, by the doctrine of estoppel to the extent that it was reasonable to infer that the Trust did not intend to enforce its rights, if any, and TCCC relied on the Trust's conduct to its detriment.

## Sixth Defense

The Trust failed to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint and is therefore barred from recovering any damages which might reasonably have been avoided.

## Seventh Defense

There was no willful infringement by TCCC; accordingly, the Trust's claims, including but not limited to the demand for punitive damages, have no basis and should be denied.

## Eighth Defense

The injunctive relief sought by the Trust is barred, in whole or in part, because, *inter alia*, the Trust has available an adequate remedy at law for any alleged damages it has suffered.

## Ninth Defense

The Trust's claims, in whole or in part, are barred because the Trust has suffered no

provable injury as a result of TCCC's alleged conduct.

## Tenth Defense

The Complaint fails to state a claim upon which relief may be granted.

## Eleventh Defense

The Trust's state law claims are barred, in whole or in part, because they are preempted by federal law.

## Additional Defenses

TCCC has not knowingly or intentionally waived any applicable defenses and reserves the right to assert and rely on other applicable defenses as may become available or apparent during discovery in this matter. TCCC reserves the right to amend this Answer and/or its affirmative defenses.

## REQUEST FOR RELIEF

WHEREFORE, TCCC requests that the Court:

1.    Enter judgment in TCCC's favor and against the Trust;

2.    Dismiss all claims by the Trust with prejudice;

3.    Award TCCC its attorneys' fees and costs to the extent permitted by law; and

4.    Grant TCCC such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), TCCC hereby demands a jury trial on all issues so triable to this action.

Dated: May 8, 2026                    Respectfully Submitted,

**ADAMS AND REESE LLP**

*/s/ Philip M. Kirkpatrick*
Philip M. Kirkpatrick (TN Bar No. 006161)
Stacia M. Daigle (TN Bar No. 0038533)
1600 West End Avenue, Suite 1400
Nashville, Tennessee 37203
Telephone: (615) 259-1450
Facsimile: (615) 259-1470
phil.kirkpatrick@arlaw.com
stacia.daigle@arlaw.com

**MICHELMAN & ROBINSON, LLP**

Sanford L. Michelman, Esq. (*pro hac vice*)
10880 Wilshire Blvd.
Los Angeles, CA 90024
(310) 299-5500
smichelman@mrllp.com

Todd H. Stitt, Esq. (*pro hac vice*)
17901 Von Karman Ave. 10th Fl
Irvine, CA 92614
(714) 557-7990
tstitt@mrllp.com

Dmitriy Gelfand, Esq.**\***
605 Third Ave., 30th Fl
New York, NY 10158
(212) 730-7700
dgelfand@mrllp.com

*Attorneys for The Coca-Cola Company*

*\*Pro Hac Vice to be Filed*

21

# CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of May 2026, a copy of the foregoing has been served via the CM/ECF system upon the following counsel of record:

Tim Warnock (TN Bar No. 12844)
LOEB & LOEB LLP
35 Music Square East, Suite 310
Nashville, TN 37203
(615) 749-8300
(615) 749-8308 (facsimile)
twarnock@loeb.com

Keane Barger (TN Bar No. 33196)
LOEB & LOEB LLP
901 New York Avenue NW
Suite 300 East
Washington, DC 20001
(202) 618-5000
(202) 618-5001 (facsimile)
kbarger@loeb.com

*Attorneys for Plaintiff*

/s/ Philip M. Kirkpatrick
**Philip M. Kirkpatrick**